This is the case 19-1528. Gregory and Colleen Chenlam versus Heffernan Builders and Jerry Heffernan. Welcome everybody. If the attorneys would introduce themselves and say who they represent. Certainly. My name is Andrew Porter. I represent the defendants, Jerry Heffernan and Heffernan Builders. I just want to apologize up front. I have a terrible bout of acute esophageal ulcers and it's hard for me to talk. But if your honors could bear with me, I appreciate it. You're coming across fine. Thanks. Good afternoon, your honors. My name is Leah Jacobowski. I represent Colleen and Gregory Chenlan, the plaintiff appellees in this this is all kind of uncharted territory for all of us. Typically each get 20 minutes. Typically the appellant I'm assuming wants to reserve five minutes or something for is that enough for you, counselor? Certainly, your honor. I don't even need the 20 minutes. Okay. And then what we're what we're going to try to do, the justices are going to try to allow you to do your argument, not interrupt, and then ask questions. So you'll you'll they'll still be things that we'll get into after you've made your statements. Obviously, we've read your briefs, we're familiar with the record. So that's what we're going to try to do. We'll see how it works. I guess if you want you probably just as well up muting if you're not going to be speaking for those of us that are and I think I've covered everything. Mr. Potter, you're going to proceed? Certainly, your honor. Following their agreement to participate in a court-annexed arbitration process, the appellants in this case ended up with a judgment of fraud entered against both of them, even though the arbitrator never made any finding of fraud, even though the arbitrator might have premised his award on any number of alternative theories presented to him, even though the arbitrator didn't identify either defendant in his ruling, let alone indicate whether his award applied to both of them or to just one of them, and even though the trial judge who unilaterally entered the judgment of fraud against each defendant never heard any evidence in the case. As the pleadings in this matter make abundantly clear, the appellants work in the real estate development industry, and it goes without saying that they depend upon commercial lenders to conduct their business, and in connection with each transaction that they do, these lenders require the submission of loan applications requiring the appellants to disclose whether a judgment of fraud has ever been entered against them, and as a result of the trial court's entry of a judgment for fraud against each of them, they are now, as honest businessmen, duty-bound to answer that question in the affirmative. For all intents and purposes, therefore, the trial court's final order, which lacks any basis in Illinois law, amounts to a judicial libel that inflicts continuing harm to their reputations and constitutes a continuing obstacle to their ability to conduct business, not just in this town but anywhere. Moreover, and contrary to the trial judge's understanding, which is revealed by his remarks in open court and which are in the record, the paying of the arbitration award and the recording of a release does not expunge the appellants to continue pursuing their livelihoods is an appellate order vacating the judgment of fraud. Just over two months ago, in Heartland Bank and Trust v. Katz, this panel revisited the Illinois Supreme Court decision in Cruz v. Northwestern Chrysler and quoted some very important language from that decision, and that language reads in relevant part as follows, where a case is submitted to a panel of arbitrators for hearing, the responsibility for administering oaths, ruling on the admissibility of evidence, and most importantly, deciding the law and facts of the case is expressly vested in the arbitrators. The circuit court plays no role in adjudicating the merits of the case. Authority for making a judgment is not the sole responsibility of the arbitrators, and Rule 92B expressly states that the arbitration panel's award shall dispose of all claims for relief. If none of the parties files a notice of rejection of the award in a request to proceed to trial within the time specified in the rules, the circuit court has no real function beyond entering judgment on the It cannot modify the substantive provisions of the award. In this case, the arbitrator did not indicate what the basis of his award was. It could have been any number of theories. It simply said, award is entered in favor of the plaintiffs in the amount of $59,500. It didn't even identify whether it was against both defendants, one or either. So there's absolutely no basis for the trial judge to do anything other than simply enter an order that confirms the arbitration award and enters judgment against the defendants in the amount of $59,500. We've already actually just conceded that the order impliedly was intended to apply to both defendants, but we really even don't need to do that. I mean, for all we know, there was no award against Jerry Heffernan as opposed to Heffernan Builders. But what happened here is grossly unjust. The plaintiff's lawyer tenders an order to the court, a form order to which we objected, that purports to hold the appellants liable on each and every count in the complaint. In the original order that was tendered, it entered judgment against both defendants on each and every count, even though both defendants were not sued on every single count. Then the trial court judge did something very funky. He played, I don't know, I don't want to call it a game. I don't want to impugn him, but I mean, what he did was we were in front of the judge and he said, here's what I'm going to do. And this is in the record. I mean, there's a transcript of this in the record. The trial court judge said, here's what I'm going to do. We moved for reconsideration of the order. The judge just entered the order that the plaintiffs tendered. So the defendants moved for reconsideration and tried to explain to the judge that there was absolutely no basis for finding fraud against either of them. The order should simply say it confirms the arbitration award. The judge, when we got in front of, back in front of the court said, here's what I'm going to do. I've already made a ruling, but I'm going to put it in my desk and I want you to come back to me in a week and let me know whether or not the defendants have paid the judgment. And then I'll reconsider. So we returned to court a week later and yours truly tendered the settlement check to the plaintiff's lawyer and paid them the $59,500. At that time, the judge turned to the plaintiff's attorney and said, okay, you've been paid. Are you willing to agree that the order should be reformed? And plaintiff's counsel said, no, they wouldn't agree to it. Now they're claiming at some point that this case, this moot, and I can explain why it's not in just a second, but if anything is moot, it should be the plaintiff's argument that the order is not improper because they no longer have a dog in the fight. They've been paid $59,500. What do they care what the judgment order says at this point? They're only doing this essentially for spite. They simply want an order of fraud against the makes no material difference to them. They've been paid in full. The case is not moot because the defendants are not contesting the $59,500 award. Even if they're successful on this appeal, they still agree that they have to pay the money. The only thing they're contesting is the fact that the order enters a judgment of fraud against them when there was absolutely no fraud made by the arbitrator. And the complaint, which is in the record in this case, if your honor reviews the complaint, the allegations of the complaint, the fraud claims were essentially spurious. It was promissory fraud. The allegations were that the developer represented himself as experienced as a developer and able to build a luxury home of the type that the plaintiffs wanted. I mean, these are not the types of fraud allegations that are normally countenanced by a court of law. And therefore, they were weak. They weren't even really the subject of the case that was presented at arbitration. The case presented at arbitration was simply all the damages that they claimed that they suffered and claimed that there was a breach of the warranty of habitability and whatnot. But there was no fraud didn't even enter into the picture. And what's happening now is the trial court is basically disincentivizing people to agree to participate in mandatory or in court annexed arbitration was not mandatory in this case, but they agreed to participate in it because they go into it and they throw everything up to the arbitrator. And then once it comes back to the trial court judge, they get subjected to a judgment of fraud when no such judgment they would submit ever seriously be rendered against them if they had ever gone and tried it in a court of law. And so now their reputations are disparaged. There's a judgment against them for fraud in circuit court of Cook County. And it's grossly unfair. There was never a finding by anybody at any point in time that they ever committed a fraud against anybody. And that's basically I mean, it's a very simple case. I really don't have you know, I would love to be able to consume 20 minutes talking about it. But really, that's about all I have to say on the matter. You know, I think the is very clear. Cruz is clear. Cruz was affirmed by the Illinois Supreme Court on different grounds. But the doctrine in Cruz was recently reaffirmed by this court in Heartland Bank. And it should be the order should simply be reformed. So, you know, the players are going to argue that this case is is moot. It's not moot at all. Um, they would just like some relief, they would simply like the order to be vacated and reentered in proper form. So that they can go about and continue to do business in in Chicago. And I apologize. But that's really it. I have nothing more to add. No, no problem. Thank you. Um, I just had a couple of quick questions. Then I'll pass it on to our to the other judges. Um, now now the fraud allegations, though, they they weren't just about promissory fraud, they were about a permit for the deck, right? They claimed that yes, they claimed that the developer represented that he already had a permit for the deck. We went through this, there was there what they that was a misunderstanding. And this was dealt with at the mediation. They were trying the complaint is not totally honest about this. They wanted a sport court with a netting that would go. And I'm gonna interrupt you. And I apologize. I just want you you've already answered my question, though, because I was wondering if that was even brought up at the arbitration. And you did say it was and whatever, we're not. We're not second guessing the arbitrator here or trying to take evidence. Now, I think there were two counts that named at the end of the day that named Jerry individually. Is that correct? And yeah, but and one was the fraud. The other one, the trial court dismissed because and I'm trying to I should have written it down the the trial court said that the unjust enrichment claim should be dismissed because there was an oral breach of contract. Correct. But the problem with that is that in the plaintiff's case law cites this is that in even the opinion, the wording of Heartland Bank and Trust says it the arbitrator is presumed to have treated or ruled on all of the accounts that were brought before him. So the trial court cannot after the fact, just decide that he's going to pitch the unjust enrichment claim so that he can have an after the fact result oriented fraud judgment entered against Jerry Heffernan. The arbitrator heard the evidence and the unjust enrichment claim was presumed to have been brought to the arbitrator's attention. Let me also say, and this is critical, is that the arbitrator's award didn't even mention Jerry Heffernan or Heffernan builders. For all we know, the arbitrator didn't even enter a judgment or find anything against Jerry Heffernan. It could have been just that he found it against Heffernan builders. So, I mean, it's impossible to know what the arbitrator was thinking. Unfortunately, the rules do not allow for litigants to go back and request a clarification from the arbitrator. They simply have to accept or reject. But the trial judge here simply decided after the arbitration that he was going to dismiss the unjust enrichment claim, which he knew, he didn't know anything about the case, really. He just dismissed it so that he could therefore justify a finding of fraud against Jerry Heffernan, which was unfair. And again, in Heartland, it says, the judge, it says, the circuit court has no real function beyond entering judgment on the award. It can correct an obvious and unambiguous error in mathematics or language, but it cannot modify the substantive provisions of the award. And, you know, that's what the judge did here. He took a case that he knew essentially nothing about, and he just reformed what he thought the award should look like. And he had absolutely no legal basis for doing that. The arbitrator could have ruled for Jerry Heffernan, I mean, for the plaintiffs against Mr. Heffernan on unjust enrichment, or he may never have found or decided that Mr. Heffernan himself individually was liable at all. We don't know. But to have him, you know, hit with a fraud judgment is rather extraordinary when there was no finding of fraud, and this trial judge certainly had never heard any of the evidence about it. Okay, I don't have any other questions. Now, is Justice Pierce still on? No, Justice Pierce lost his connection. I'm working on it. I'm not trying to restore it. Okay, and Justice Walker, you're muted. You're on. I was talking, but I was muted. I'll let you finish if you want to say something. You can go ahead, counsel. Did you have something? I just wanted to add one last thing about this thing with the permit. The plaintiffs, what they wanted was a sport court with a netting that would go all the way up like 10 feet in the air so they could shoot, play basketball on the roof of their garage, and if there was an air ball or something, it would hit the net, and it would bounce back into the court. It wouldn't fall down into the alley. When they originally asked the contractor, Jerry Heffernan, whether or not he could build them a roof deck, he said yes, he would be able to get a permit to do that. When the story finally emerged, the reason there was a problem was because Mr. Heffernan could not get the plaintiffs a permit that would allow them to build the netting. The city of Chicago decided no netting. You could only just have a regular garage deck. That was the source of the dispute. There was a clear misunderstanding. It was a totally innocent misunderstanding. It was just thrown in there as a fraud claim. I can't imagine it could have survived summary judgment. I don't want to cut you off, but you're almost out of time. Wow, that's funny. Yeah, I've got a couple questions. One thing is that the plaintiffs are arguing that the standard of review here is an abuse of discretion because a judge's decision to enter an award based on the arbitration award, enter judgment based on arbitration award, would only be reversed if there's an abuse of discretion. I want you to respond to that because you argue in your brief that the standard of review is to no avail. This is a naked question of law. There's absolutely no fact analysis or credibility call that has to come into play here. The issue is simply whether or not the judge can, based on the papers that were presented to him, whether the judge has any authority to find or to enter an order in the form that he entered it. All he had to do was just enter an order confirming the award. He didn't hear evidence. He doesn't have really any idea what the case was about. We had a couple of status conferences before the judge, and he did rule on a motion to strike some to a breach of contract case very early on in the case. But other than that, he really had no knowledge of the case. He didn't have to make a credibility call. This is not a situation where, because the judge found some certain fact that the court of appeal should give deference because the judge was there to examine the credibility of the witnesses. This is simply a matter of just paper. It ought to be de novo. Sure. My next question is, in the original judgment order, which the trial court entered, they entered judgment against both parties on all counts. You, of course, recognize that to be a mistake, and you ask the court to reconsider it. The court entered an amended judgment order, in which the court found Mr. Heffernan liable only on the fraudulent inducement charge count, and no other counts based in the amended order. My question to you is, if that were the only count against Mr. Heffernan, and the arbitrator, in fact, found against Mr. Heffernan, then why would the judge's order be a mistake? I want to hear from you. Well, if that was the only count pled against Mr. Heffernan, and if the arbitrator found against Mr. Heffernan, then Mr. Heffernan would certainly have a very difficult time, if not an impossible time, attempting to argue against the order that was entered by the judge, except that, one, there was an unjust enrichment claim, and two, the arbitrator's order never mentioned Mr. Heffernan. It never actually said that Mr. Heffernan was liable for anything. It didn't say joint and several. It didn't say both defendants. It didn't identify either defendant. So there's no evidence that the arbitrator ever even found Mr. Heffernan liable for anything. Although, just to take as a... Now, that's a key point, which I'm not sure you argued in your brief, because I'm looking at the arbitrator's award, and the award was in favor of plaintiff in the amount of $59,500, and it also states that all parties participate in good faith, but it never... It didn't, as you stated now, it didn't find against any of the defendants. Although you didn't make that clear in your brief, I did go to the arbor ward, and I see that that is the case. So your argument today is that the arbor ward actually never listed Mr. Heffernan at all, personally. Is that your argument today? Certainly. That would be one of them. Yes. There's nothing in the record that says Mr. Heffernan was adjudicated guilty of anything. I would argue that even if there was no other claim against Mr. Heffernan, and even if the arbitration award said Mr. Heffernan is... The trial court order should still simply say the arbitration award is confirmed, and enter judgment jointly and severally against the defendants. It doesn't have to articulate exactly what the basis of the award was, or try to individually particularize all the claims. The trial court should not... That should not be the function of the trial court. The trial court should simply get an arbitration award back and say, okay. Thank you. Judgment is entered. Okay. Thank you. Sure. Justice Griffin. You're muted, Justice Griffin. Justice Griffin, you're muted. Thanks. I got it out. Is Justice Pierce not available still? No, he's having a problem with his internet service. So he probably... He's gonna keep trying to connect, but he might be gone for the duration. And he'll be able to listen to the... Right. He'll be up on the site today. Subsequent. So we'll just keep going. Okay. Counsel? Your honors, thank you so much for your time and for dealing with this argument with these limited circumstances. We do appreciate the opportunity to argue this despite the fact that we are all at home. Opposing counsel has laid out the facts and issues that are before you today. I would just make a small note as to the facts of the case. The Chinlins entered this complaint because they did have some serious issues based on the agreement that they entered into with the defendants. There were certain specifications and timelines that everyone agreed to, and they believed that they were not met. Those are the allegations that were in the complaint that was submitted to the arbitration. As Justice Walker has pointed out, there is a dispute as to the standard of review before you today. We submit that it is an abuse of discretion standard of review. We have cited to Morales versus Mongolis, the trial court's decision affirming an arbitration panel's award of damages will not be reversed absent an abuse of discretion. And that's in our brief as well. Turning to our argument, I just wanna make three quick points to you this afternoon. As you're aware, this was referred to the court-annexed arbitration system within the Circuit Court Law Division. That system is meant to be expedient and dispose of claims in a faster way than the trial court would. It is meant to be less expensive, and it is governed in part by the Circuit Court's Rule 25. Among those provisions and among the provisions of the Supreme Court is the requirement that when an arbitration award is handed down by an arbitrator following an arbitration, each party has seven days with which to reject that award outright in full. Once that notice is issued, the case goes right back to the trial court and proceeds along the trial track. Both Rule 25 and longstanding case law that we have cited in our brief at length is quite clear. If either party is dissatisfied in any way with that arbitrator's award, they have to reject it in full. We cited to Babcock v. Wallace in our brief, which states that the rule limiting a party's ability to contest an award ensures that the arbitration process will not be unnecessarily prolonged by attempts to dispute the minutiae of the award. And I believe that's where we are today. We're disputing the minutiae of the award that was handed down by the arbitrator. Rejection is only remedy available to either party following that arbitration. Defendants in this matter were clearly aware of all of the counts that were submitted to the arbitrator. They knowingly took the risk that the arbitrator may find in favor of the Chinlunds on all of those counts. They should have also been aware that after that award was entered, if they believed any finding against them at arbitration was an error or perhaps distasteful, they had to reject the to dispute plaintiff's allegations at trial. I understand that defendants maintain they're not rejecting the award itself. The money has been paid, and that's not the issue in defendant's argument here. They're simply taking issue with the fact that the circuit court judge listed the causes of action that were submitted to arbitration. And I would submit to the court as just a reminder in the record, the defendant's motion to reconsider is quite clear that they were asking for the circuit court judge to make that clarification within the order confirming the award. The court simply made a record clear as to what went to arbitration and against whom those counts that went to arbitration were filed. Furthermore, and I didn't get into this in my brief, and I their issue with this order is that it does list a fraud count against the individual, and that does pose business problems for Mr. Heffernan as he moves forward as a developer trying to establish loans and lines of credit. That's an understandable issue that Mr. Porter has raised. However, if this court agrees that an order entering judgment on an arbitration award cannot articulate the causes of action submitted to and adjudicated by an arbitrator, defendants like Mr. Heffernan are then able to avoid the consequence of an arbitrator finding against him on any case, any cause. So put another way, can a defendant choose arbitration as a strategy to avoid the effects of any count leveled against him in an arbitration? The Chinlins would submit to you this afternoon that that should not be condoned and that the arbitration system should not be used in that manner. The second argument I wanted to point to is that all long-standing case law that we've cited supports the presumption that arbitrators adjudicate all claims submitted to them. We've cited to Costello v. Illinois Farmers Insurance and Edward Electric v. Automation for the statement that an arbitrator's finding must be regarded as embracing all matters submitted and must stand as conclusive of the rights of the parties. Similarly, we cited to the case of Braun-Skiba v. Orchard Partnership, which state clearly, where an award does not contain findings of fact, all controverted facts and issues must be presumed as having been resolved in favor of the prevailing party. Therefore, the circuit court was well within its discretion to presume all matters had been adjudicated in favor of the Chinlins when it entered its order confirming the award. I understand defendants are arguing that it, you know, the arbitrator may have found in favor of the Chinlins on some counts but not others. However, based on the subtle law that I've just cited, the circuit court had the discretion to presume as a matter of law all the arbitrator's award, that the arbitrator's award expressly entering finding in favor of the Chinlins for a gross sum of money is dispositive that the arbitrator resolved all the claims. The final point that I wanted to make is the court's order affirming this award doesn't expand the arbitrator's liability in the award from the arbitrator. Much has been made about the the sua sponte striking of the unjust enrichment count. And as we discussed at length in our brief, and I know you've read, that was proper for several reasons, not least of which is that it's an equitable claim for relief and could not stand alone for the arbitrator to decide in this arbitration system in the commercial calendar. Secondly, as the circuit court's order makes clear, an express contract is is pled throughout the complaint and therefore the unjust enrichment count necessarily falls away. There's been a lot of discussion about Cruz versus Northwestern Chrysler Plymouth dealership to support the argument that the circuit court may not expand an arbitration award post arbitration. We don't dispute that that's what Cruz says, but I don't think it applies here in the way that counsel is arguing. In Cruz, the plaintiff went into arbitration with four or five counts. A couple of them included statutory provisions that did include fee shifting provisions for attorney fees. She carved those out of arbitration. She then prevailed on arbitration, went back to the circuit court and said, I would like attorney fees. Circuit court gave her the attorney fees. The defendants took issue with that, proceeded to the appellate court and then again to the Supreme Court consolidating with another similar case. And both of those That is not what happened here. The Chinlunds have been afforded no greater liability or money damage award following the arbitration. The circuit court's award, excuse me, order confirming the award simply articulates the causes of action that were decided. So in that vein, again, I just wanted to note that should the defendant's view of this be entertained, defendants like Mr. Heffernan are able to engage in conduct that may give rise to lawsuits and judgments against them. And there will be no clear record available for the next potential homeowner or business partner to review. Absent an order articulating the causes of action submitted to arbitration and the finding against defendants, there's no means for a potential business partner to ascertain what was adjudicated. Defendants found liable on multiple counts in an arbitration should not be permitted to demand ambiguity to avoid the consequences of an Again, the Chinlunds have been paid their money damages here and the defendants are not asking that the award itself be vacated and we appreciate that distinction. But the Chinlunds have spent five years litigating this matter and dealing with the fallout from what they believe was defendants conduct improper conduct toward them in the building of their home. It's important for them that there is a clear record on made by the circuit court as to what to arbitration and what came out. I submit the rest of my time. That's all I have for you today. Thank you. Thanks very much. You know, you started out talking about the nature of arbitration commercial arbitration and and that it's a shortened procedure. It's meant to save money, save time and all of those things. And so from my perspective of it, it was always if there was a problem with especially because it was shortened a party had the right to reject that was kind of the their their fallback. It sounds pretty clear. I'm not going to speak for counsel. But if the arbitrator entered an award against his client, and it's stated that just like the judgment award, he might have rejected it. And when the trial court put something in the award, that's different, I'm sorry, in the judgment, then it's different than the arbitrator put in it as his award, because this award is very, very minimal. And you know, the rules say it shouldn't have it much, it shouldn't have a no written opinion or anything. But anyway, getting back, doesn't it affect a party's right to reject an award? If the trial court adds or subtracts anything, anything material. And I would argue to that, Your Honor, that this isn't a material addition. Those counts were submitted to arbitration, they were decided they were adjudicated, and found in favor of the plaintiff. So there is no extension of liability that counsel didn't know existed the day the arbitrator made the award. Thanks. And counsel, a couple of things. One is that you said that a judge trial judge has a right to presume the matters upon which the arbitrator has found. And that is that the arbitrator in this case, found in favor of the plaintiff, and against the defendants as to all of the counts. That's what you believe, correct? Yes, sir. So do you believe that fraud can ever be presumed? I mean, fraud presumed? That's really a stretch. And I'm not even gonna let you answer that question, because I'm not sure you're able to answer that. Okay. You're suggesting that fraud can be presumed. And I think anyone who has a law license would have a serious problem with that. My next question moves, I'm just gonna move on, I don't need an answer to that question. The clear language of Rule 2511 says that once the arbitration is completed, the case shall be returned to the trial judge for further proceedings, for entry of a judgment on the award, for further reason or for entry for judgment on the award. So in this case, because the award had not been rejected, it was being returned for entry of judgment on the award. Correct? Yes, sir. So the only thing based upon the local rule, the only thing that the trial court can do is enter a judgment on the award. In this case, it appears that the trial court attempted to enter a judgment on the pleas. And when we're talking about fraud, we all know what needs to be pled to get you to fraud. And you also have to show reliance. So it takes you a long way, and it definitely can't be presumed. And there's no way the trial court could presume the fraud count against Mr. Heffernan. And the trial court also should only enter judgment on the award. Now you believe the trial court can do more than that. Is that correct? I don't think that the trial court did more than that. I think the trial court merely articulated the causes of action submitted to the arbitrator that were decided in favor of the plaintiffs. Those were the causes of action submitted to the arbitrator. But if you look at the arbitration award, which I'm sure you have many, many times, the award simply says that it's judgment in favor of the plaintiff for $59,000. So as far as we can tell from the arbitration award, there was no judgment entered against Mr. Heffernan at all. Or maybe there was no judgment against the Heffernan builders at all. We're not sure. I would submit, Your Honor, that both the defendants are named in the caption above that award and are linked to the plaintiff's award. And you seem to believe, well, you did clarify this early. I think in your brief, you did some heavy arguing about whether or not Mr. Porter was attempting now to reject the award after he didn't like the way the judgment went. And he's made it clear, and I think you've now made it clear that he's not attempting to reject the award. He's only attempting to clarify the judgment. And the judgment, you agree, should be based on the award. Correct? The judgment should be based on the award, which was based on the causes of action submitted to the arbitrator. The judgment is based on the award and not on the pleas. Correct. Okay. I have nothing further. Okay. Justice Pierce, I'm going to keep asking, but I don't think he's with us. Counsel, did you have anything? Counsel Jakubowski, do you have anything else? I don't, other than I would just like to make a point on the record. There is no sense of spite by my clients, or I don't think by the circuit court judge in this matter. There was no animus attached to any of this. It's a court case and nothing more. So I just wanted to make that clear. But now that you raised that, that actually was my other question, because you also mentioned, you argued mootness in your brief. And I think counsel, for the first time, he didn't argue this in his brief, but he did raise it here at Orals, that if anything is moot, it's mootness to the plaintiff. The plaintiff's been paid, and I'll just use his words, since I don't normally use these words, but he says the plaintiff has no dog in this fight. What is this all about for the plaintiff? That's what he's asking. And I think I did mention that, your honor. I understand that the money has been paid and no one is asking for it to be returned. So it is a fair question as to what is the dog in the fight. The Chinlins really do feel as though there was fraudulent conduct here. And they have been dealing with the fallout of that in the home that they have been living in for five years. So it is important to them that the next homeowner may be able to see that there is fraudulent conduct on the record in the circuit court. Mr. Chinlin is also a licensed real estate broker. I saw that in the contract. Is that correct? I don't know that he has retained that license, but at that time, yes, he was. He was. Is he also a lawyer? Yes, sir. I couldn't tell from the record whether he was a lawyer. Okay. Okay. Anything else? Thank you. Thanks. Counsel, you, Mr. Porter, your time's pretty much up, but I'll still let you, if you have anything brief you want to add. I'll try to get it in 30 seconds. First, everything that was argued by Appellee's Cruz, when there are multiple claims submitted to the arbitrator, Cruz is absolutely crystal clear, and it's been reaffirmed in the first district, that the circuit court cannot decide or determine which of the counts, if any, or I'm sorry, which of the counts the arbitrator ruled in favor of the prevailing party on. So this notion that she says that all counts are presumed to have been ruled upon and granted or found in favor of the plaintiff by the arbitrator is absolutely wrong. There's no basis for that in the law. That violates Cruz. And in fact, the other point I would make is they cite cases, and she just argued it, that the arbitrator is presumed to have entertained every single count. Well, if that's the case, then they can't turn around and argue that the unjust enrichment claim was never before the arbitrator. They pled unjust enrichment. Under their view of the law, the arbitrator considered unjust enrichment. They even tendered an order to the court after the arbitration in which it found in favor of the plaintiffs on their claiming, that in fact, despite what they tendered to the trial court, purporting to find unjust enrichment, that that was actually not true, that there was no unjust enrichment. It's not reconcilable with logic. They can't be square. The argument just doesn't hold water. Cruz applies. We don't know what went through the arbitrator's mind. It's a black box. All right. Well, thank you very much. Thank you both. You've done a fine job. We really appreciate your work. We'll be taking this under advisement. You'll be hearing from us soon.